

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00306-CV

CAROLYN BUTLER                                                    APPELLANT

V.

DAVID WHITTEN, M.D., JON                                          APPELLEES
BEAZLEY, M.D., AND JOSEPH
DELPRINCIPE, M.D.

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Carolyn Butler, pro se, attempts to appeal from the trial court's August 9, 2013 orders dismissing Butler's claims against David Whitten, M.D., Jon Beazley, M.D., and Joseph DelPrincipe, M.D. for failure to timely serve an expert report in accordance with section 74.351 of the civil practice and remedies code. *See*

---

[1]*See* Tex. R. App. P. 47.4.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)–(b) (West 2011) (stating that in a health care liability claim, a claimant must serve an expert report within 120 days of filing suit and a trial court shall dismiss the claim if no report is served); *see also id.* § 51.014(a)(9) (West Supp. 2012) (authorizing interlocutory appeal from order denying relief under 74.351(b)), 51.014(a)(10) (authorizing interlocutory appeal from order granting motion challenging the adequacy of report).

On September 5, 2013, we notified Appellant of our concern that we might not have jurisdiction over this appeal because there did not appear to be a final judgment or appealable interlocutory order. We stated that unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before September 16, 2013, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. In response, Appellant provided us with copies of the August 9, 2013 orders.

Absent an interlocutory appeal that is specifically authorized by the constitution or a statute, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Neither of the August 9, 2013 orders disposes of the other two defendants in the case, Robert Skegrud and Lola Kelly. Therefore, neither of these orders is final for the purposes of appeal. Accordingly, because the August 9, 2013 orders are neither final judgments nor appealable interlocutory orders, we dismiss this appeal for lack of jurisdiction.

2

*See* Tex. Civ. Prac. & Rem. Code Ann. § 54.014(a)(9), (10); Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  October 17, 2013